ROGER L. HARTMAN, District Attorney Buffalo County
You have asked whether clerks of court may relinquish the entire original record of a criminal case to the public defender for his review *Page 64 
prior to appeal. It is my opinion that they may not, absent a court order pursuant to sec. 807.08, Stats.
Section 807.08, Stats., provides as follows:
 The clerk shall not permit any paper filed in his office to be taken therefrom unless upon written order of a judge of the court. The clerk shall take a written receipt for all papers so taken and preserve the same until such papers are returned. Papers so taken shall be returned at once upon request of the clerk or presiding judge, and no paper shall be kept longer than 10 days.
The above statute is consistent with sec. 59.39(1), Stats., which provides in part that "the clerk of circuit court shall: (1) File and keep all papers properly deposited with him in every action or proceeding unless required to transmit such papers." Read together, these statutes require clerks of court to retain possession of all papers filed with them with two exceptions: (1) where a court order permits the removal of papers from the clerk's office; or (2) where the clerk is otherwise required to transmit such papers.
In the statutes, the term "transmit" denotes the transfer of documents from the clerk of one court to the clerk of another court. Thus, court records are "transmitted" when there is a change of venue (sec. 801.61, Stats.), or when an appeal has been filed (sec. 809.15(4), Stats.). Because the transfer of original records to the public defender prior to an appeal is not a "transmittal" as that term is used in the statutes, it is my opinion that clerks of court may release original records of a criminal case to the public defender only when presented with an order signed by a judge of the court. Even with such an order, the records may be removed for no longer than ten days. Sec.807.08, Stats.
Such an interpretation of the clerk's duty is consistent with the clerk's other statutorily mandated functions. As stated by the supreme court in State ex rel. Journal Co. v. County Court,43 Wis.2d 297, 309-10, 168 N.W.2d 836 (1969): "[T] he clerk of court is, under the statutory scheme, the custodian of the records of the county court." As the custodian, the clerk must authenticate and certify the records in his custody. The clerk of court's ability to certify the authenticity of these records is seriously hampered if the original records leave his possession and are transmitted to a party in interest. *Page 65 
Consequently, the statutes only allow clerks of court to transmit the original records to other clerks of court upon changes of venue or when an appeal has been filed. The clerk who receives the records then becomes the custodian of the records and assumes the responsibility of ensuring their integrity.
This interpretation of the clerk's statutory obligations is also consistent with the clerk of court's duty under sec.19.21(1) and (2), Stats.:
 (1) Each and every officer of the state, or of any county, town, city, village, school district, or other municipality or district, is the legal custodian of and shall safely keep and preserve all property and things received from his predecessor or other persons and required by law to be filed, deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers.
 (2) Except as expressly provided otherwise, any person may with proper care, during office hours and subject to such orders or regulations as the custodian thereof prescribes, examine or copy any of the property or things mentioned in sub. (1). Any person may, at his own expense and under such reasonable regulations as the custodian prescribes, copy or duplicate any materials, including but not limited to blueprints, slides, photographs and drawings. Duplication of university expansion materials may be performed away from the office of the custodian if necessary.
As interpreted by the supreme court in Journal Co., sec.19.21(2), Stats., requires the clerk of court to make court records available to any person who is interested in examining them. Obviously, if the records are in the public defender's possession, the clerk cannot produce the records for other interested persons. Therefore, in order to fulfill his statutory obligation of making the records accessible to the public, the clerk of court cannot transmit the original records to the public defender, but must instead retain these records in his possession.
In reaching my conclusion, I have examined secs. 967.06, 757.65(2), 757.57(2), 973.08 and 809.30(1)(c) and (e), Stats., all of which have been cited by the public defender as authorization for *Page 66 
the release of the original record by the clerk of court prior to an appeal being taken. In my opinion, none of these statutes requires the clerk of court to transmit the original record to the public defender.
Thus, in answer to your question, the clerk of court cannot relinquish the original record of a criminal case to the public defender prior to appeal unless an order signed by a judge of the court authorizes such release.
BCL:MM